**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **TYKERA BRIDGEFORD**, <br><br> *Plaintiff,* <br><br> v. <br><br> **CAPITAL ONE, N.A., et al.**, <br><br> *Defendants.* | **Case No. 2:25-cv-03688-JDW** |

## <u>MEMORANDUM</u>

Litigation requires participation from both sides. When a plaintiff files a lawsuit and then stops litigating it, the case cannot move forward. That is what happened here. Tykera Bridgeford filed this action on July 15, 2025. Since failing to appear for a scheduled hearing in November 2025, however, she has done nothing to prosecute it. She did not amend her Complaint after I granted her leave to do so. She did not respond to my Order directing her to show cause why I should not dismiss the case for failure to prosecute. And she did not respond when Capital One moved to dismiss on that basis. Because Rule 41(b) permits me to dismiss actions that litigants fail to prosecute, and because the *Poulis* factors weigh in favor of dismissal, I will dismiss this action with prejudice against all Defendants.

## I.    BACKGROUND

Tykera Bridgeford filed this action on July 15, 2025. Since then, the case has not progressed because Ms. Bridgeford has failed to comply with several obligations necessary to move the litigation forward. On November 13, 2025, I scheduled a hearing on pending motions to dismiss and a pretrial conference. Ms. Bridgeford did not appear. As a result, on November 14, 2025, I entered an Order denying the motions filed by Trans Union LLC and Experian without prejudice and granting Ms. Bridgeford leave to file an amended complaint no later than November 28, 2025.

In that same Order, I directed Ms. Bridgeford to show cause, in a memorandum not exceeding five pages, why I should not dismiss this action for failure to prosecute, including her failure to appear at the hearing on November 13, 2025. Ms. Bridgeford did not file an amended complaint. She also did not respond to the Order requiring her to show cause. Indeed, she has taken no action in this case since the Order dated November 14, 2025. On May 26, 2026, Capital One filed a Motion To Dismiss For Failure To Prosecute Pursuant To Rule 41(b). Ms. Bridgeford did not respond to that Motion, and the Motion is now ripe for disposition.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) permits a district court to dismiss an action when a litigant fails to prosecute the case or fails to comply with a court order. Fed. R. Civ. P. 41(b). Further, the rule permits *sua sponte* dismissals by the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Hewlett v. Davis*, 844 F.2d 109, 114 (3d Cir. 1988)

2

(same). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31; *see also Mindek v. Rigarti*, 964 F.2d 1369 (3d Cir. 1992). A court's decision to dismiss for failure to prosecute is committed to the sound discretion of the court and will not be disturbed absent an abuse of discretion. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

## III.    DISCUSSION

In evaluating whether an action should be dismissed for failure to prosecute, I must consider the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). Those factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party ... was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868.

The first factor weighs in favor of dismissal. Ms. Bridgeford is proceeding without counsel, so she bears responsibility for prosecuting this case and complying with Court orders. She failed to appear at the hearing on November 13, 2025, failed to file an amended complaint despite being given leave to do so, and failed to respond to my Order requiring her to show cause why I should not dismiss her action for failure to

3

prosecute. Nothing in the record suggests that anyone other than Ms. Bridgeford is responsible for those failures.

The second and third factors weigh in favor of dismissal. All Defendants, including Capital One, remain subject to a pending lawsuit that Ms. Bridgeford appears to have abandoned. Although prejudice is not limited to the loss of evidence or unavailable witnesses, it includes the burden and uncertainty imposed on a party forced to defend a case that is not being actively litigated. Ms. Bridgeford's inaction has created precisely that circumstance. Moreover, this record reflects more than an isolated missed deadline. Taken together, those failures demonstrate a pattern of delay and dilatoriness that has prejudiced Defendants and hindered the orderly resolution of this action.

The fourth and fifth factors also favor dismissal. I have no basis to conclude that Ms. Bridgeford acted in subjective bad faith, but I need not make such a finding. Ms. Bridgeford received notice of my orders and has neither complied with them nor requested additional time to do so. Her complete silence reflects a willful disregard of her obligations as a litigant. It also demonstrates that lesser sanctions would be ineffective. Before dismissing a case, I must consider whether an alternative sanction would suffice. I already attempted a lesser measure by providing Ms. Bridgeford an opportunity to explain her failure to appear and continue litigating this action. She did not respond. Given her lack of participation, I see no reason to believe that additional warnings, monetary sanctions, or further orders would prompt compliance or move this case forward.

The sixth factor does not alter the analysis. At this stage, I need not determine whether Ms. Bridgeford ultimately could prevail on her claims. Even assuming that her claims possess some merit, that consideration is outweighed by her failure to prosecute this action and her failure to comply with Court orders.

## IV.    CONCLUSION

After considering all six *Poulis* factors, I conclude that dismissal is appropriate. The first five factors weigh in favor of dismissal, and the sixth does not outweigh Ms. Bridgeford's repeated failures to participate in this litigation. Although Capital One filed the pending Motion, Ms. Bridgeford's failure to prosecute is not limited to her claims against Capital One. Because Rule 41(b) permits a district court to dismiss an action *sua sponte* for failure to prosecute, and because the *Poulis* factors support dismissal, I will dismiss all claims against all Defendants. *See Link,* 370 U.S. at 630-31. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

July 9, 2026

5